UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GARCIA-ROBLES,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil No. 09-CV-2941-L<br>Criminal No. 09-CR-326-L<br><br>**ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE** |

On December 30, 2009, Petitioner, proceeding *pro se*, filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence his sentence. Respondent has filed a response and opposition, and Petitioner has replied. The Court has reviewed the record, the submissions of the parties, and the supporting exhibits and, for the reasons set forth below, will deny Petitioner's motion.

**BACKGROUND**

Petitioner Jose Garcia-Robles was charged by information with one count of attempting to re-enter the United States after having been previously deported in violation of 8 U.S.C. § 1326 (a) and (b). On March 5, 2009, Petitioner pled guilty to the charge pursuant to a written plea agreement. Under the terms of the plea agreement, Petitioner agreed to waive any right to appeal or to collaterally attack his conviction and sentence, unless the Court imposed a sentence

1 in excess of the high end of the applicable guideline range. (Plea Agreement, Gov't Ex. A, ¶
2 12.) On April 6, 2009, Petitioner was sentenced by this Court to 63 months custody, 3 years
3 supervised release, and a $100 special assessment.

## ANALYSIS

5       As part of his plea agreement, Petitioner waived both the right to appeal and the right to
6 collaterally attack the judgment and sentence. A knowing and voluntary waiver of a statutory
7 right is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). The
8 right to collaterally attack a sentence under § 2255 is statutory in nature, and a defendant may
9 therefore waive the right to file a § 2255 petition. *United States v. Pruitt*, 32 F.3d 431, 433 (9th
10 Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).

11       The scope of a § 2255 waiver, however, may be subject to potential limitations. For
12 example, a waiver might be ineffective where the sentence imposed is not in accordance with the
13 negotiated agreement, or if the sentence imposed violates the law. *Id.*; *United States v.*
14 *Littlefield*, 105 F.3d 527, 528 (9th Cir. 1997). Additionally, a defendant's waiver will not bar an
15 appeal if the trial court did not satisfy certain requirements under Rule 11 of the Federal Rules of
16 Criminal Procedure to ensure that the waiver was knowingly and voluntarily made. *Navarro-*
17 *Botello*, 912 F.2d at 321. Finally, a waiver may not "categorically foreclose" a defendant from
18 bringing § 2255 proceedings involving ineffective assistance of counsel or involuntariness of
19 waiver. *Pruitt*, 32 F.3d at 433; *Abarca*, 985 F.2d at 1014. Unless Petitioner can demonstrate
20 that one of these limitations to the validity of the waiver are applicable, this Court lacks
21 jurisdiction to consider his collateral challenge to his conviction and sentence. *See Washington*
22 *v. Lampert*, 422 F.3d. 864, 871 (9th Cir. 2005) (recognizing that if sentencing agreement's
23 waiver of the right to file a federal habeas petition under 28 U.S.C. § 2254 was valid, district
24 court lacked jurisdiction to hear the case).

25       The government contends that Petitioner knowingly and voluntarily waived his right to
26 appeal and collateral attack. The Court agrees and finds none of the potential limitations to the
27 validity of the waiver applicable in this case.
28 / / /

First, the sentence imposed was in accordance with the negotiated plea agreement and applicable sentencing guidelines. Petitioner's sentences of 63 months was based on a base offense level of 8, plus 16 for Petitioner's 1979 alien smuggling conviction (U.S.S.G. § 2L1.2(a)), minus 3 for acceptance of responsibility (U.S.S.G. § 3E1.1), and minus 2 for fast track (U.S.S.G. § 5K3.1), as agreed upon by the parties. (Plea Agreement, Gov't Ex. A, ¶ 5.) Petitioner's prior convictions placed him in a Criminal History Category VI, resulting in a guideline range of 63-78 months. In the plea agreement, the parties agreed to jointly recommend a sentence at the low end of the applicable guideline range. (Plea Agreement, Gov't Ex. A, ¶ 9.) The Court sentenced Petitioner to according to the negotiated terms of the plea agreement.

Second, the record of the disposition proceedings indicates that Petitioner knowingly and voluntarily entered into the Plea Agreement and that the requirements of Rule 11 were adhered to. Petitioner was advised of the right to maintain his plea of not guilty, he was advised of the rights he was giving up by pleading guilty, and he was specifically advised that he was waiving his right to appeal and collateral attack. *(See* Transcript of Proceedings, 3/5/09, Gov't Ex. B, at 5-11.) The record further reflects that Petitioner was advised of the nature of the charge to which he was pleading guilty, the maximum possible penalty, and the Court's obligations with regard to the Sentencing Guidelines. (*Id.* at 7-10.) During the proceedings, Petitioner clearly acknowledged his understanding of the terms of the Plea Agreement and the voluntary nature of his decision to enter into the Plea Agreement. (*Id.* at 5-15.)

Finally, the Court finds that Petitioner's claim of ineffective assistance of counsel does not invalidate his waiver in this case. "A claim of ineffective assistance [of counsel] may be used to attack the voluntariness and hence the validity of a guilty plea." *United States v. Keller*, 902 F.2d 1391, 1394 (9th Cir. 1990); *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). To prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005). The limitation against waivers is applicable to claims "based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain."

*Pruitt*, 32 F.3d at 433.  In the context of guilty pleas, to satisfy the "prejudice" requirement "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill*, 474 U.S. at 59.  Defense counsel's conduct is presumed to be reasonable.  *Strickland*, 466 U.S. at 689.

Petitioner argues that his attorney's performance was deficient because he failed to investigate Petitioner's 1979 alien smuggling conviction.  Petitioner claims his prior alien smuggling conviction was only a misdemeanor offense and not a felony, and therefore he was not subject to the 16-level increase in his base offense level.  Petitioner contends that his counsel erroneously advised him to plead guilty pursuant to the Plea Agreement in which he agreed to the 16-level increase and increased statutory maximum penalty from 2 years to 20 years.

Contrary to Petitioner's claims, his 1979 alien smuggling conviction was a felony.  In 1979, the version of Title 18, United States Code, Section 1324 that was in effect was the 1976 edition that took effect on January 3, 1977.  (*See* Gov't Ex. G.)  In 1979, Section 1324 stated that "[a]ny person . . . who . . . transports, or moves, or attempts to transport or move, within the United States by means of transportation or otherwise, . . . any alien, . . . <u>shall be guilty of a felony</u>, and upon conviction thereof shall be punished by . . . imprisonment for a term not exceeding five years."  (*Id.* (emphasis added).)  The fact that Petitioner served only 179 days jail does not alter the fact that he was convicted of a felony.  The Judgment and Commitment for Petitioner's 1979 offense clearly shows that Petitioner was actually sentenced to 3 years imprisonment.  However, the Court suspended all but 179 days of the sentence and placed Petitioner on three years probation, pursuant to 18 U.S.C. § 3651.  (*See* Judgment and Commitment, Gov't Ex. H.)  Moreover, Petitioner's prior conviction was an aggravated felony that triggered the enhanced sentence and increases statutory penalties to which he agreed in the Plea Agreement.  *See* 8 U.S.C. §1101(a)(43)(N); U.S.S.G. § 2L1.2(b)(1)(A).

Because Petitioner's 1979 alien smuggling conviction was an aggravated felony, the Court finds no merit in Petitioner's contention that his counsel erroneously advised him to plead guilty pursuant to the Plea Agreement.

/ / /

**CONCLUSION**

For the reasons set forth above, the Court finds that Petitioner has waived his right to collaterally challenge his conviction and sentence in this matter.  Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS SO ORDERED.**

DATED: October 12, 2010

_____
M. James Lorenz
United States District Court Judge

COPY TO:

Petitioner
U.S. Attorney's Office