UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GARCIA-ROBLES,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | Criminal No. 09cr326-L<br>Civil No. 09cv2941-L<br><br>**ORDER** |

　　　　Petitioner, Jose Garcia-Robles, proceeding *pro se*, sought relief pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. On October 12, 2010, the Court denied his motion. [Doc. No. 31.] On March 30, 2011, Petitioner filed a motion to extend time to file a notice of appeal along with a request for a Certificate of Appealability ("COA"). The Court construes the motion as a Notice of Appeal together with a Request for Issuance of COA and as a Motion to Extend Time for Filing Notice of Appeal.

　　　　**A.　　Motion to Extend Time for Filing Notice of Appeal**

　　　　Petitioner's Notice of Appeal is untimely under Federal Rule of Appellate Procedure 4(a)(1)(A). Petitioner requests the Court to reopen the time for appeal because he did not receive notice of the Court's October 12, 2010 order until March 21, 2011. Under Rule 4(a)(6), the Court may reopen the time to file an appeal if: (1) the moving party did not receive notice of the entry of the order sought to be appealed; (2) the motion to reopen is filed within 180 days

after the order is entered or within 14 days after the moving party receives notice of the entry, whichever is earlier; and (3) no party would be prejudiced by the reopening. Fed. R. App. P. 4(a)(6).

The Court finds Petitioner did not receive notice of the October 12, 2010 order until March 21, 2011.[1] He filed his motion to extend time on March 20, 2011, which was within 14 days of receiving notice of the order. Finally, the Court finds that no party would be prejudiced by reopening the time to file an appeal. Therefore, the Court finds it is appropriate to reopen the time to file an appeal.

Accordingly, Petitioner's Motion to Extend Time for Filing Notice of Appeal is **GRANTED.**

### B. Request for Issuance of COA

A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *accord Banks v. Dretke*, 540 U.S. 668, 705 (2004).

Having reviewed the matter, the Court finds the Notice of Appeal does not support a certificate of appealability as to Petitioner's claims. Petitioner has not made a substantial showing that he was denied a constitutional right and the Court is not persuaded that jurists could disagree with the Court's resolution of his Constitutional claims or that the issues presented deserve encouragement to proceed further. As detailed in the Court's October 12, 2010 order denying § 2255 relief, Petitioner's claims that his Plea Agreement was entered involuntarily and that his trial counsel acted ineffectively are completely contradicted by the record.

---

[1] On March 14, 2011, the Court rejected a letter from Petitioner wherein he attempted to provide supplemental authority for his § 2255 motion. [Doc. No. 32.] Apparently, Petitioner believed his motion had not yet been decided. The Court therefore also ordered the Clerk to serve a copy of the October 12, 2010 order on Petitioner. [Doc. No. 32.]

1  Accordingly, Appellant's request for a Certificate of Appealability is **DENIED**.

2  **IT IS SO ORDERED.**

4  DATED: April 6, 2011

*M. James Lorenz*
M. James Lorenz
United States District Court Judge

21  COPY TO:

22  Jose Garcia-Robles
    85401198-SPA
23  Taft Correctional Institute
    P.O. Box 7001/A2B
24  Taft, CA 93268

25  U.S. Attorney's Office
    880 Front Street, Rm. 6293
26  San Diego, CA  92101-8893